MARY LONG, EX'X, *v.* WELLINGTON HARLAN, ET AL.

**Promissory Note—Defense—Gift.**

> Where the payee of a note retains it until her death and it then passed to her executrix, evidence that the testatrix said at one time that all she wanted was the interest during her life and after her death it (the note) was to be Mrs. Easthman's, is not sufficient to sustain a claim of Mrs. Easthman to ownership of the note.

APPEAL FROM BOYLE CIRCUIT COURT.

December 9, 1874.

OPINION BY JUDGE PRYOR:

The note of Harlan and Easthman is made payable in one year from its date with interest. It contains no stipulation by which the note is to be surrendered, or any evidence upon its face indicating an intention to give the note or its proceeds to the wife of one of the obligors. The promise, if made, to give the money could not be enforced, and the statements contained in the answer present no defense to the action. The testatrix retained the possession of the note until her death, and it then passed to the appellant as her executrix. The evidence of her intention to make the gift, negatives any other consideration for the promise than the relation existing between testatrix and the wife of Easthman. There was no delivery of the note or its proceeds to any one for the use of the party asserting this right against the executrix.

The demurrer should have been sustained to the answer; but as there was no exception made to the judgment overruling it, it becomes necessary to look to the evidence, and in that there is nothing to be found upon which this alleged gift can be maintained. The only witness for the defense says that the testatrix said all she wanted was the interest during her life, and after her death it was to be Mrs. Easthman's. This only evidences an intention to give, and the evidence for the appellant indicates clearly that if she ever

intended to make such a disposition of the note it was afterwards abandoned.

The judgment of the court below is *reversed,* and cause re-manded with directions to award the appellant a new trial, and for further proceedings consistent with the opinion.

*Durham & Jacobs, for appellant.*